UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MICHAEL A. MILLS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:14 CV 154 |
| UNITED STATES POSTAL SERVICE, | ) |  |
| Defendant. | ) |  |

### OPINION and ORDER

Defendant United States Postal Service has moved to dismiss plaintiff Michael Mills's complaint for failure to state a claim. (DE # 13.) Plaintiff has filed a response (DE # 17), and defendant has filed a reply (DE # 18.) For the following reasons, defendant's motion is denied.

I.  Facts and Background

In his amended complaint, plaintiff alleges that during his time as one of defendant's employees, supervisors and other employees asked how old he was. (DE # 10 at 2.) Plaintiff was the only City Carrier Assistant ("CCA") that did not have an assigned route. (*Id.*) During his time in defendant's employ, plaintiff was considered a "floater," even though he had more seniority than younger CCAs. (*Id.*) Other CCAs were given work lockers, but plaintiff was not, and plaintiff had to carry his belongings to and from work every day. (*Id.*)

Despite other CCAs being allowed to report to work at 8 AM, plaintiff was not allowed to report to work until 9:30 AM. (*Id.*) This prevented plaintiff from hearing the

workplace daily news announcements, and also prevented plaintiff from inspecting the route he was assigned to each day. (*Id.*) Finally, plaintiff was not trained to do the CCA job through defendant's standard protocols. (*Id.*)

As a result of the foregoing facts,[1] plaintiff filed the instant suit, in which he alleges defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621, *et seq.* (*Id.*) Defendant has now moved to dismiss plaintiff's complaint. (DE # 18.)

## II.  Legal Standard

Defendant has moved to dismiss plaintiff's claim under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). "While the federal pleading standard is quite forgiving . . . 'the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ray v. City of Chicago,* 629 F.3d

---

[1] There are a few additional facts alleged in plaintiff's response brief. The court will address these later.

660, 662-63 (7th Cir. 2011) (quoting *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010)); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

For purposes of deciding defendant's RULE 12(b)(6) motion, the court accepts plaintiff's factual allegations as true. *Pardus*, 551 U.S. at 93.

III. **Analysis**

Defendant argues that plaintiff fails to state an age discrimination claim because he has failed to allege that he suffered an adverse employment action and because he has failed to allege that he is a member of a protected group under the ADEA. (DE # 14 at 3-5.) A plaintiff alleging discrimination under the ADEA may prove his or her claim using the direct or indirect method of proof. *Andrews v. CBOCS West, Inc.*, 743 F.3d 230, 234 (7th Cir. 2014). "Under the direct method of proof, the plaintiff makes her case by pointing to evidence directly showing that her employer subjected her to an adverse employment action on an impermissible discriminatory basis . . . ." *Id.* Under the indirect method of proof, the plaintiff has the burden of establishing a prima facie case of discrimination:

> (1) she is a member of a protected class, (2) she performed reasonably on the job in accord with her employers' legitimate expectations, (3) despite her reasonable performance, she was subjected to an adverse employment action, and (4) similarly situated employees outside of her protected class were treated more favorably by the employer.

*Id.* (citations and quotations omitted). Thus, "[w]hether the plaintiff proceeds by the direct or indirect method of proof, he must show a materially adverse employment action." *Rhodes v. Ill. Dep't of Transp.,* 359 F.3d 498, 504 (7th Cir. 2004).

The Seventh Circuit, however, has stated that plaintiffs alleging employment discrimination "may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "A complaint need not 'allege all, or *any,* of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (quoting *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998) (emphasis in original)). "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [age] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [age]." *See Tamayo*, 526 F.3d at 1084; *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (same).

In its motion to dismiss, defendant argues that plaintiff's claim must be dismissed because he has not alleged an adverse employment action and because he has not alleged that he is a member of a protected group under the ADEA. (DE # 14 at 3-5.) If the only allegations the court had in front of it were contained in plaintiff's amended complaint, the court would agree with defendant that plaintiff had failed to allege an adverse employment action or that he was a member of a protected group. Plaintiff, however, included additional allegations in his response to defendant's motion to dismiss. (DE # 17.)

In its reply brief, defendant argues that plaintiff cannot use his response brief to add allegations to a complaint. (DE # 18 at 1 n.1.) The cases that defendant cites to support this argument, however, discuss amending a complaint in a summary judgment response brief, not a response to a motion to dismiss. *Grayson v. O'Neill*, 308

4

F.3d 808, 817 (7th Cir. 2002). *Griffin v. Potter*, 356 F.3d 824, 830 (7th Cir. 2004). Under Seventh Circuit precedent, a plaintiff may allege additional facts in response to a motion to dismiss. *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("[A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment."); *see also Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents."); *Huon v. Breaking Media, LLC*, --- F.Supp.3d ----, 2014 WL 6845866, at *1 n.2 (N.D. Ill. 2014) ("In reviewing a motion to dismiss, the Court may consider . . . additional facts set forth in the plaintiff's response to the motion or in any documents attached to the response, as long as those additional facts are consistent with the allegations in the complaint . . . ."). The allegations in plaintiff's response brief are consistent with the allegations in plaintiff's complaint. Therefore, considering the additional facts alleged in plaintiff's response brief, the court will now address defendant's arguments.

First, defendant argues that plaintiff has failed to allege that he is a member of a protected group under the ADEA. (DE # 14 at 4.) "In general, the ADEA provides coverage for private, state, and federal employees who are forty years of age and older . . . ." *Levin v. Madigan*, 692 F.3d 607, 615 (7th Cir. 2012); *see also Guinto v. Exelon Generation Co., LLC*, 341 F. App'x 240, 245 (7th Cir. 2009) ("The ADEA prohibits an

5

employer from discriminating against any person over 40 years of age because of the individual's age."). Although he does not indicate his age in his amended complaint, plaintiff makes clear in his response brief that he is 46 years old, and that he was terminated in May of 2013, which means he was over the age of 40 at the time of his termination. (DE # 17 at 1-2.) Defendant's argument on this point fails.

Next defendant argues that plaintiff has not alleged an adverse employment action. (DE # 14 at 5.) As the court noted earlier, plaintiff has not alleged any adverse employment action in his amended complaint. But, in his response brief, plaintiff has alleged that he was terminated in May of 2013. (DE # 17 at 2.) Plaintiff also alleges that he filed his EEOC charge in June of 2013, and that the charge was for an ADEA claim.[2] (*Id.*) Although plaintiff could have been more clear in linking his termination to his ADEA claim, plaintiff is proceeding pro se, and the court is "obligated to give a liberal construction to a pro se plaintiff's filings." *Nichols v. Michigan City Plant Planning Dept.*, 755 F.3d 594, 600 (7th Cir. 2014). Given that the court must construe plaintiff's filings liberally, the court concludes that the allegations in plaintiff's response brief are sufficient to state an ADEA discrimination claim. Defendant's argument on this point therefore fails.

---

[2] In his response, plaintiff also alleges that the allegation about him being unable to perform his job (which presumably was the reason for his termination) is false. (DE # 17 at 3.)

Finally, defendant argues that plaintiff's case must be dismissed because plaintiff did not name the proper party as the defendant in this case. (DE # 14 at 1, 3.) When an age discrimination claim is brought against the Postal Service, "the only proper defendant is the head of the agency—the Postmaster General." *See Ellis v. United States Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986). As noted earlier, however, the only defendant that plaintiff named in this suit is the United States Postal Service. (*See* DE # 10.) Thus, defendant argues that this suit must be dismissed because plaintiff has not sued Patrick Donahoe, the Postmaster General. (DE # 14 at 1, 3.)

Under Rule 21 of the FEDERAL RULES OF CIVIL PROCEDURE, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. "If [a] *pro se* plaintiff has named the wrong defendant, the Court is authorized by Federal Rule of Civil Procedure 21 to cure the problem." *Brown v. Chicago Municipal Employees Credit Union*, No. 13 C 02597, 2014 WL 1613037, at *4 (N.D. Ill. Apr. 16, 2014). In this case, plaintiff is proceeding pro se, and presumably, has very little legal experience. The court believes that under these circumstances, the interests of justice are served by adding the Postmaster General as a defendant and dropping the United States Postal Service as a defendant.[3]

---

[3] "If joinder will not prejudice those already parties and otherwise meets the criteria for relation-back of pleading amendments under Rule 15(c) a Rule 21 joinder may relate back to the date of the original complaint." MOORE'S FED. PRACTICE 3d, § 21.04[1]. The requirements for relation back under Rule 15 have been met in this case because adding the Postmaster General will not change anything about the claims asserted in plaintiff's first two complaints, Rule 15(c)(1)(B), and because the U.S. attorney for this district was served with plaintiff's original complaint, Rule 15(c)(2). (DE # 4.)

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss (DE # 13) is **DENIED**. Additionally, the Clerk is directed to add Patrick Donahoe, the United States Postmaster General, as a defendant in this case, and remove the United States Postal Service as a defendant in this case.

**SO ORDERED.**

Date: January 7, 2015

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT